Kent, J.
This is a suit against the defendants as co-partners in trade, under the firm of Elwyn & Co., on a note to the plaintiffs, subscribed by the said Elwyn, by the name of Elwyn & Co., and dated the 11th December 1800.
*248 On the trial his signature to the note was proved, and it was admitted that Samuel Wittaker was a partner in the business with him, and the question that arose was, whether Peter" Wittaker, the other defendant, was also a partner.
To prove this, the plaintiffs gave in evidence that all the defendants, about the fall of the year 1800, were together in a sloop on the Hudson river, having goods on board, and the said Peter being asked whether he was going to keep store, replied, yes, we are going to try it. That Peter Wittaker was frequently seen in the store with the other defendants, and was there generally as much as the other defendants, and he was once seen by a witness to draw spirits. That the store was sometimes called Wittaker’s store, sometimes Elwyn’s store, and sometimes Elwyn’s and Wittaker’s. That the said Peter is father to the defendant Samuel, and a very old man, unable to write. That after six months Elwyn became insolvent, and the partnership was dissolved, as it was understood from general report. That the said Peter told a witness who owed the co-partnership, that he must pay to him and to no one else. That it was generally understood that Peter was a partner, and that the son Samuel was only a clerk. That the said Peter spoke to a witness of the dissolution of the partnership as if he had been a partner, and mentioned that he was in possession of the stock, and that the debts were to be paid to him.
*There was no evidence that the defendants carried on trade under the firm of Elwyn & Co.
Upon this evidence the defendants moved for a non-suit.
1. Because the plaintiffs had not proved a partnership between the three defendants.
2. Because the plaintiffs had not proved the existence of such a firm as John Elwyn & Co, or that the defendants were partners under that firm.
The court overruled the motion, and the question now submitted without argument is, whether the judge properly • overruled that motion ? if not, the nonsuit to be set aside.
*249 We think the evidence is sufficient to prove that the three defendants were in copartnership as traders at the time the note was given. At any rate, it was sufficient to let the point go to the jury, and to prevent a nonsuit. The only difficulty is, concerning the want of. proof that Elwyn & Co. was the copartnership name. But as such a signature imported a copartnership, and a copartnership did exist at the time between Elwyn and the other defendants, I think it is to be presumed that such was the name of the firm, and that it was sufficient to cast upon the defendants the burden of proving what was the name of the house or firm, if a different name existed. They did not attempt to repel the presumption, and of course it belonged to the jury to consider of, and to draw that presumption. A third question arises, whether the note in question was given on a partnership transaction ; but the same answer may be given to that as to the preceding question. The intendment is, that it was on, a partnership account, and that intendment ought to have been repelled by the defendants, if not founded in truth.
O.ur opinion accordingly is, that the motion for a nonsuit was properly overruled, and that the defendants take nothing by their motion.
Judgment of nonsuit.(a)

 As partnerships may be created by paroi, it necessarily follows, that circumstances are evidence of their existence and nature. See I/ivingston v. Roosevelt, 4 Johns, llep. 251; Peacock v. Peacock, 2 Camp. 45; Guidon v. Robson, Ibid. 302. Therefore, the mere purchase of articles fit for the partnership business, though made by one partner only, and instantly converted to his own use, will bind'the other, if there be no collusion between the buyer and seller. Bond v. Gibson, 1 Camp. 185. See Manhattaan Company v. Levyard, post, 192, n. (a).